SCHOOL DISTRICT OF WILDWOOD, PROSECUTOR, v. STATE BOARD OF EDUCATION, ELSIE HOKANSON ET AL., DEFENDANTS.

SAME v. STATE BOARD OF EDUCATION, BEATRICE M. SHARP ET AL., DEFENDANTS.

Submitted May 15, 1936—Decided July 1, 1936.

Before Justices PARKER, LLOYD and DONGES.

For the prosecutors, *Harry Tenenbaum.*

For the defendants, *Eugene Blankenhorn.*

The opinion of the court was delivered by

PARKER, J. These are two rules to show cause why a writ of *certiorari* should not be allowed to review the action of the commissioner of education of this state and the state board of education on appeal, reversing the action of the board of education of Wildwood in dismissing two tenure teachers upon the sole ground that they were married women, and directing their reinstatement. The sole question in the case is whether the fact that a female teacher, secure otherwise under tenure for service of three years or more, is liable to dismissal on the ground that she is a married woman. The commissioner of education decided that dismissal could not be based on any such ground; and this was affirmed by the state board, in both cases by written opinion.

We agree with the decision of the commissioner and of the board. As pointed out in the decision by the board, there is no express provision in the statute forbidding the

employment of a married woman as a school teacher in the public schools. The state board in its opinion quoted the following provision of the statute:

"No principal or teacher shall be dismissed or subjected to a reduction in salary in said school district except for inefficiency, incapacity, conduct unbecoming to a teacher, or other just cause, and after a written charge of the cause or causes, shall have been preferred against him or her," &c. Chapter 243, *Pamph. L.* 1909, as amended.

The argument advanced for the prosecutor is that the clause in this statute reading "or other just cause" will support a discharge on the ground of marriage; in other words, that the fact of marriage is a "just cause" for dismissal. The state board pointed out, and we think correctly, that "these words in the Tenure act must be read in conjunction with those immediately before them, and they imply a dereliction by the teacher, which may be the subject-matter of a charge against her." With this conclusion and reasoning we agree. There is perhaps room for argument that a married woman, on account of her duties to her husband and family, is not as well qualified to perform those of a teacher in addition; but this is a matter for the legislature.

It is further argued for the teachers that there were no written charges preferred and no hearing. We prefer, however, not to rest on any such ground as it involves a mere matter of procedure. On the fundamental ground that the statute does not contemplate the fact of marriage as a just cause, we are in accord with the finding of the two tribunals below.

These are rules to show cause why *certiorari* should not issue. We do not think that even a fairly arguable question is presented; on the contrary we are of opinion that the matter seems too clear even to justify the allowance of writs. Both rules will accordingly be discharged. with costs.